UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JEFFREY W. BADER,

                Plaintiff,

— against —

JON WINKELRIED, GARY D. COHN,
LLOYD C. BLANKFEIN, JOHN H. BRYAN,
CLAES DAHLBÄCK, JAMES A. JOHNSON,
RAJAT K. GUPTA, STEPHEN FRIEDMAN,
WILLIAM W. GEORGE, LOIS D. JULIBER,
LAKSHMI N. MITTAL, RUTH J. SIMMONS,
JOHN BROWNE, HENRY M. PAULSON, JR.,
EDWARD M. LIDDY, ALLEN M. COHEN,
EDWARD C. FORST, ROBERT S. KAPLAN,
KEVIN W. KENNEDY, GREGORY K. PALM,
ESTA E. STECHER, DAVID A. VINIAR,
SUZANNE M. NORA JOHNSON, JOHN S.
WEINBERG, and THE GOLDMAN SACHS
GROUP, INC.,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM and ORDER**

09-CV-2607 (SLT) (JMA)

**TOWNES, United States District Judge:**[1]

On March 24, 2009, Plaintiff Jeffrey W. Bader ("Plaintiff or "Bader") commenced this action against the The Goldman Sachs Group, Inc. ("Goldman"), its directors and officers (collectively, "Defendants") in the Supreme Court of the State of New York, New York County, which alleges that Defendants, *inter alia*, undervalued stock options and thereby awarded excessive compensation to certain directors and officers. On April 14, 2009, Defendants removed this action to this Court. Plaintiff now moves to remand this action to State court, arguing that this Court lacks subject-matter jurisdiction. For the reasons set forth below, Plaintiff's motion is granted and this action is remanded.

---

[1] The Court gratefully acknowledges the assistance of a student intern, Robert Sobelman of Brooklyn Law School, in the preparation of this Memorandum and Order.

## BACKGROUND

This is the third of three actions which Plaintiff has brought against Goldman, its directors and officers, since March 2007. The first two actions alleged non-compliance with federal securities regulations by defendants in the issuance of proxy statements, while this action alleges breach of internal corporate governance protocols with claims exclusively brought as state- and common-law causes of action.

The first of these actions – *Bader v. Blankfein*, E.D.N.Y. Docket No. 07-CV-1130 (SLT)(JMA) ("*Bader I*"), was filed in this Court in mid-May 2007. Unlike this action, the claims in *Bader I* were centered on alleged non-compliance with federal securities regulations by defendants in their issuance of proxy statements. *Bader I* alleged that Goldman, its directors and officers, violated Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), and Delaware State law by filing a proxy statement on February 21, 2007 (the "2007 Proxy Statement") that contained false and misleading information. Plaintiff's complaint alleged that the 2007 Proxy Statement, which asked the shareholders to vote on the Goldman Board of Directors, misstated the "grant date present values" of stock options which had been granted to three directors and two other highly compensated employees in Fiscal Year 2006, thus misleading the stockholders as to the enormity of the compensation packages bestowed upon these individuals. Unlike this action, relief requested in *Bader I* included an injunction against the 2007 annual meeting of stockholders, equitable relief from thereafter engaging in certain practices, and voiding of the elections of directors for 2007. On December 19, 2008, this Court granted the defendants' motion to dismiss *Bader I* and held that Plaintiff had failed to make the requisite pre-suit demand on the Goldman Board, as necessary under Delaware State law to institute a derivative case, and failed to plead particularized facts demonstrating that Plaintiff's

2

failure to make the demand was excused. *Bader v. Blankfein*, No. 07-CV-1130, 2008 WL 5274442, at *9 (E.D.N.Y. Dec. 19, 2008). The Second Circuit affirmed this Court's decision and the U.S. Supreme Court denied certiorari. *Bader v. Blankfein*, 356 F. App'x 471 (2d Cir. 2009), *cert. denied*, 2010 WL 978662 (U.S. May 17, 2010).

The second action – *Bader v. The Goldman Sachs Group, Inc.*, E.D.N.Y. Docket No. 08-CV-255 (SLT)(JMA) ("*Bader II*") – was filed in this Court in January 2008. In essence, the claims in *Bader II* were, like the claims in *Bader I*, centered on alleged non-compliance with federal securities regulations by defendants in their issuance of proxy statements. *Bader II* is similar to *Bader I* in many respects. First, the action was brought against substantially the same defendants and its claims center on Goldman's disclosure of stock option valuations in its proxy statements and other U.S. Securities and Exchange Commission ("SEC") filings. Second, as in *Bader I*, Plaintiff also asserts derivative claims under Section 14 of the Securities and Exchange Act and under various Delaware common law theories. Third, *Bader II* requests relief similar to that requested in *Bader I*: a mandatory injunction requiring the use of certain accounting practices and an injunction preventing certain candidates from seeking to become director. Shortly after the action was filed, Plaintiff moved to enjoin Goldman's annual shareholder meeting. This Court denied Plaintiff's request for a preliminary injunction on February 14, 2008, and Goldman held its shareholder meeting on April 10, 2008. The Second Circuit dismissed Plaintiff's appeal of the denial of a preliminary injunction as moot. *Bader v. The Goldman Sachs Group, Inc.*, 311 F. App'x 431, 433 (2d Cir. 2009). The complaint was amended in a number of minor respects on March 24, 2010, and the parties have since stipulated that defendants' motion to dismiss will be filed and fully briefed by both parties on or before August 6, 2010.

3

On March 24, 2009, plaintiff commenced this action by serving a state summons and complaint. In essence, this action alleges breach of internal corporate governance protocols with claims exclusively brought as state- and common-law causes of action. Although the complaint in this action names many of the same defendants as the two prior actions, and is related to the manner in which Goldman estimated the present value of the stock options granted to senior management, this action differs from *Bader I* and *Bader II* in significant respects. Unlike the previous actions, this action was brought in State court and raises exclusively state law claims under Delaware State law. There is no mention of proxy statements in the complaint. In contrast to *Bader I* and *Bader II*, Plaintiff alleges breach of duty to stockholders, breach of duty of loyalty, waste of assets, unjust enrichment, and causing injury to Goldman. The relief requested in this action, the disgorgement by Defendants for alleged injuries sustained, an equitable order rescinding all stock options granted since December 1, 2005, and equitable relief against Defendants from hereafter engaging in certain practices is also dissimilar to that requested in previous actions.

On April 14, 2009, Defendants removed this action to the United States District Court for the Southern District of New York on federal question grounds. On June 17, 2009, this action was transferred to this Court. On July 10, 2009, Plaintiff served a motion to remand this action to the Supreme Court for the State of New York, County of New York.

In Plaintiff's motion to remand this action to State court, he argues that his complaint raises only state law claims. Defendants concede that this is true, but invoke the "artful pleading" doctrine, arguing that Plaintiff has rebranded inherently federal claims as state law claims.

4

## DISCUSSION

A defendant may remove a state court action to federal court if the action could have originally been filed in federal court. *Bellocchio v. Enodis Corp.*, 499 F. Supp. 2d 254, 255-56 (E.D.N.Y. 2007) (citing 28 U.S.C. § 1441(a)); *see also Battaglia v. Penske Truck Leasing Co., L.P.*, No. 08-CV-2623, 2008 WL 2946009, at *1 (E.D.N.Y. July 29, 2008). Moreover, "[r]emoval jurisdiction is strictly construed" because removal "implicates significant federalism concerns and abridges the deference courts generally give to a plaintiff's choice of forum," *Zerafa v. Montefiore Hosp. Hous. Co.*, 403 F. Supp. 2d 320, 324 (S.D.N.Y. 2005) (citing *Caterpillar v. Williams*, 482 U.S. 386, 391-92 (1987)). As the party asserting that the court has original jurisdiction, the removing party bears the burden of demonstrating the existence of subject-matter jurisdiction. *St. Vincent's Hosp. v. Taylor*, No. CV 07-967, 2007 WL 2325073, at *2 (E.D.N.Y. Aug. 10, 2007) (citing *United Food Workers & Commercial Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)). "Where jurisdiction is lacking . . . dismissal is mandatory." *United Food Workers*, 30 F.3d at 301 (citing *Manway Constr. Co. v. Housing Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)).

Absent diversity of citizenship, federal courts have original jurisdiction only over cases that present federal questions. *Fax Telecommunicaciones, Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998). "Whether federal courts have federal question jurisdiction over an action is typically governed by the 'well-pleaded complaint' rule, pursuant to which federal question jurisdiction exists only if 'plaintiff's statement of his own cause of action shows that it is based' on federal law." *Romano v. Kazacos*, No. 08-6187-CV, 2010 WL 2574143, at *4 (2d Cir. June 29, 2010) (citing *Vaden v. Discover Bank*, 129 S.Ct. 1262, 1272 (2009)). This general rule recognizes that the plaintiff is the master of the complaint, and is "free to avoid federal jurisdiction by pleading

only state claims even where a federal claim is also available." *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998). Accordingly, if "plaintiff's claim involves both a federal ground and a state ground, the plaintiff is free to ignore the federal question and pitch his claim on the state ground to defeat removal." *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 758 (2d Cir. 1986) (internal quotation marks omitted); *see also Romano*, 2010 WL 2574143, at *4; *DeCarlo v. Archie Comic Publications, Inc.*, 11 F. App'x 26, 28 (2d Cir. 2001).

"However, in certain limited circumstances a plaintiff may not defeat removal by clothing a federal claim in state garb, or, as it is said, by use of 'artful pleading.'" *Sarkisian*, 794 F.2d at 758. The doctrine of artful pleading, an "independent corollary" of the well-pleaded complaint rule, holds that "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22 (1983); *see also Marcus*, 138 F.3d at 55; *Romano*, 2010 WL 2574143, at *4. If a federal claim is artfully pleaded as a state claim, the defendant may remove it to federal court. *Fin. and Trading, Ltd. v. Rhodia S.A.*, No. 04-CIV-6083, 2004 WL 2754862, at *4 (S.D.N.Y. Nov. 30, 2004).

There are three situations in which the artful pleading doctrine typically applies. First, the artful pleading doctrine applies when Congress has "so completely preempted, or entirely substituted, a federal law cause of action for a state one that plaintiff cannot avoid removal by declining to plead 'necessary federal questions.'" *Romano*, 2010 WL 2574143, at *5 (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998)). Second, the artful pleading doctrine applies when the plaintiff's state law claim "necessarily raises a substantial federal question over which federal courts may properly exercise jurisdiction." *Marcus*, 138 F.3d at 56. Third, the artful pleading doctrine applies when Congress has "expressly provided for the removal of

6

particular actions asserting state law claims in state court." *Romano*, 2010 WL 2574143, at *5 (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)).

However, in *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394 (1981), the U.S. Supreme Court suggested that there might be other instances in which the limited "artful pleading" exception applies. In *Moitie*, a plaintiff – Brown – initially brought an action in federal court under the Clayton Act, alleging retail price-fixing in the women's clothing industry. After a district court dismissed the action on the ground that Brown had not alleged an "injury" to "business or property," as required under the Clayton Act, Brown brought suit in a California State court, relying on the same facts to allege state law claims for civil conspiracy, unfair competition, fraud and restitution. When this state court action was removed to federal court, Brown moved to remand. However, the district court denied that motion, characterizing Brown's state law claims as "federal in nature." *Id.* at 397, n. 2. On appeal, both the Ninth Circuit and the U.S. Supreme Court affirmed that ruling. The Supreme Court did so without elaboration, holding, in a footnote, that "at least some of the claims had a sufficient federal character to support removal" under the artful pleading doctrine. *Id.*

Recognizing that the *Moitie* decision rendered the scope of the artful pleading doctrine "uncertain," the Second Circuit attempted to provide some guidance regarding the scope of the *Moitie* exception. In *Travelers Indemnity Co. v. Sarkisian*, 794 F.2d 754 (2d Cir. 1986), the Second Circuit examined the *Moitie* decision in detail and identified two "criteria" to "help . . . understand why [Brown's] claim was considered to be federal." *Id.* at 760. "Under *Sarkisian*'s interpretation of *Moitie*, a state law claim is an artfully-pleaded federal claim if (1) the plaintiff previously had elected to proceed in federal court on a claim expressly grounded on federal law and (2) the elements of the subsequent state law claim are virtually identical to those of the claim

7

previously made." *In re Agent Orange Prod. Liab. Litig.*, 996 F.2d 1425, 1431 (2d Cir. 1993) (citing *Sarkisian*, 794 F.2d at 760), *overruled in part on other grounds, Sygenta Crop Prot. Inc. v. Henson*, 537 U.S. 28 (2002); *see also Moitie*, 452 U.S. at 397 n. 2. For this two-prong analysis to apply, the prior claim must be "expressly grounded on federal law." *Agent Orange*, 996 F.2d at 1431 (quoting *Sarkisian*, 704 F.2d at 760). This two-pronged test has been widely used in instances in which a plaintiff's state claims do not fall into one of the three situations in which the artful pleading doctrine typically applies. *DeCarlo*, 11 F. App'x at 27; *Contreras v. Host America Corp.*, 453 F. Supp. 2d 416, 418 (D. Conn. 2006); *Feucurman v. Sears, Roebuck and Co.*, No. 96-CIV-0120, 1996 WL 648966, at *3 (S.D.N.Y. Nov. 6, 1996); *Browning Ave. Realty Corp. v. Rubin*, No. 92-CIV-4260, 1993 WL 60517, at *2 (S.D.N.Y. Mar. 3, 1993); *Cresswell v. Sullivan & Cromwell*, 771 F. Supp. 580, 584 (S.D.N.Y. 1991); *Vippolis v. Vill. of Haverstraw*, No. 87-CIV-4855, 1989 WL 111063, at *2 (S.D.N.Y. Sept. 18, 1989); *Bowlus v. Alexander & Alexander Services, Inc.*, 659 F. Supp. 914, 920 (S.D.N.Y. 1987).

In this action, there are no federal issues raised on the face of Plaintiff's well-pleaded complaint. In addition, none of the three typical situations in which the artful pleading doctrine applies exists in this case: (1) there is no congressional preemption of the state law causes of action, (2) there is no substantial federal question that is necessarily raised, and (3) Congress has not expressly provided for the removal of the state claims at issue.

Defendants do not argue that federal law preempts the state- and common-law claims raised in this case, or that Congress has expressly provided that claims of the sort raised herein must be removed to federal court. Rather, Defendants argue at length that it will be necessary to resolve certain unspecified federal questions in order to adjudicate this action. Specifically,

8

Defendants argue that this action is "predicated on the same substantive issue of federal securities law that underlies Bader's trilogy of lawsuits" because "Bader's pivotal assertion [is] that the option valuations do not conform to the 'reliable, sound valuation technique' required by FAS 123R." (Docket No. 38 at 13.)

Although the stock option valuations that Plaintiff seeks to use as evidence in his case were disclosed within documents filed pursuant to SEC regulations, the compliance with the regulations themselves is not at issue in this action. Specifically, although FAS 123R and GAAP standards are recognized by the SEC as acceptable accounting methods, they are not "federal standard[s]" and do not invoke a question of federal law. *Adams v. Amdahl*, No. C06-0873RSL, 2006 WL 2620400, at *4 (W.D. Wash. Sept. 12, 2006) (citing *Ganino v. Citizens Util. Co.*, 228 F.3d 154, 160 n. 4 (2d Cir. 2000)). Moreover, unlike in *Bader I* and *Bader II*, Plaintiff's complaint in this action centers on the Goldman Compensation Committee's alleged failure to follow the terms of provisions of the Goldman Sachs Restricted Partner Compensation Plan. (Docket No. 20, Attach. No. 1 at 27.) Thus, in this case, Plaintiff raises an issue of a breach of internal corporate governance protocol, not a claim of non-compliance with federal securities regulations, as was claimed in *Bader I* and *Bader II*. Therefore, the state- and common-law claims brought by Plaintiff in this action can be adjudicated without reference to federal law and, thus there is no substantial federal question that is necessarily raised.

Although none of the three typical situations in which the artful pleading doctrine applies exists in this case, this Court must also consider whether the *Moitie* exception, as interpreted in *Sarkisian* and applied in *Agent Orange*, applies to this case. Applying the two-prong test in reverse order, this Court has no doubt that Plaintiff's state court complaint satisfies the second

criterion since the complaint was filed after Plaintiff had previously elected to bring a related claim in federal court. *See Sarkisian*, 794 F.2d at 761; *Agent Orange*, 996 F.2d at 1431. However, the state court complaint does not satisfy the first criterion since the state law claims, and the relief sought thereunder, are not virtually identical to those previously pled in *Bader I* and *Bader II*. As discussed above, even though all three of Plaintiff's suits sought to hold certain defendants liable for alleged impropriety regarding Goldman's disclosure and issuance of stock options to some of its executives and directors, this action raises allegations of breach of internal corporate governance protocol under state- and common-law causes of action, and not allegations of non-compliance with federal securities regulations as were raised in the previous actions. *See Sarkisian*, 794 F.2d at 761 ("Though [some of] the state and federal claims have [arisen] out of the same nucleus of operative facts, that circumstance does not satisfy the test of [*Moitie*]"); *Moitie*, 452 U.S. at 398 n. 2.

## CONCLUSION

For the reasons set forth above, the doctrine of artful pleading does not apply to this case. Since Defendants have not established that this Court has subject-matter jurisdiction over this action, Plaintiff's motion to remand is granted. The Clerk of Court is directed to mail a certified copy of this order of remand to the Clerk of the Supreme Court of the State of New York, New York County, *see* 28 U.S.C. § 1447(c), and to close this case.

**SO ORDERED.**

s/ SLT
SANDRA L. TOWNES
United States District Judge

Dated: July 29, 2010
Brooklyn, New York

10